THIBODEAUX, Chief Judge,
dissenting.
11This is a very simple case. The majority errs when it unnecessarily complicates matters by suggesting the integration of the partnership and physician agreements.
Part IV of the Physician’s Agreement deals with termination. That agreement provides in part that “[i]n addition, the Physician shall be entitled to all ongoing Dermatology research studies, which includes, but is not limited to all study documents, data, contracts, supplies and equipment, and all revenue received from these studies after effective date of termination.” (Emphasis supplied). This agreement is explicit and straightforward. I do not see any genuine issues of material fact regarding the entitlement of the revenues received from these dermatology studies. Dr. Smith was in charge of these studies. Both former CEOs of the partnership admit that Dr. Smith is entitled to this research money. The partnership agreement does not contradict any of these facts.
The partnership agreement refers to “fees” from the practice of medicine and/or surgery. These “fees” shall accrue to the partnership. The $97,544.00 is not a “fee” from the practice of medicine and/or surgery as contemplated by the partnership agreement, even if the partnership agreement does apply. It is money ^deriving from the research studies.
With regard to Ms. Reed, the former employee/research director at the medical partnership, the majority posits that “evidence was not presented concerning Reed’s alleged fiduciary duty owed to the Clinic. By virtue of an utter lack of evidence, ... Reed did not meet her burden of proving that genuine issues of material fact do not exist with regard to the Clinic’s claim against her.” The Clinic/medical partnership is the one alleging a breach of fiduciary duty. It is its duty to come forward with evidence concerning the alleged breach of fiduciary duty, not Ms. Reed’s. Ms. Reed simply changed the payee’s name on the research contract, allowing Dr. Smith to receive the proceeds to which she was entitled after she left the medical partnership. As I see it, the defendants are correct. Ms. Reed was doing simply what the contract allowed Dr. Smith to receive, that is, the proceeds from the research project.
There are no genuine issues of material fact. For the foregoing reasons, I dissent and would affirm the judgment by the trial court in favor of Dr. Smith and Ms. Reed.